NATHAN S. CUTLER v. IRA D. CUTLER.

*Motion for New Trial.　County Court.　Discretion.*

The fact that the jury, owing to an erroneous answer of the foreman to an inquiry made of him as to how the plaintiff's right to costs would be affected by a verdict for $5, returned a smaller verdict than they would had the foreman given a correct answer to the inquiry, furnishes no ground for a new trial.

No question of error in law on the part of the county court is presented in this case. Their disposition of the motion for a new trial rested in discretion upon the facts shown by the evidence.

*Newton* v. *Booth,* 13 Vt., and *Waldo* v. *Wheatley,* 36 Vt., cited and approved.

THIS was an action on the case for slander. Plea, general issue, and trial by jury, at the June term, 1870, PECK, J., presiding.

After verdict for the plaintiff for five dollars damages, the plaintiff moved to set aside the verdict, and for a new trial, and filed affidavits in support of the same. The reasons for the motion are stated in the affidavits hereafter set forth.

The court found the facts as set forth in the affidavits to be true, and overruled said motion, to which plaintiff excepted.

Three of the jurors joined in making the following affidavit:

" On the retirement of the jury for deliberation the question came up and was discussed whether if the jury should give nominal damages, or small damages, full costs would follow, so that the plaintiff would recover full costs   The question was put to the foreman, and he informed the jury that a verdict for the plaintiff for nominal damages would entitle the plaintiff to recover full costs.   It was then talked among the jury that the plaintiff's costs would amount to a considerable sum, and that if they found some small sum in damages, that, with the costs, would sufficiently punish the defendant, and with that understanding these deponents consented to the verdict rendered in the cause ; but they would not have consented to said verdict if they had not understood that upon that verdict the plaintiff would recover his full costs of suit, and should have insisted upon larger damages."

The affidavit of the deputy sheriff who had charge of the jury, confirmatory of the above, was also filed.

*C. W. Clarke,* for the plaintiff.

*L. C. Wheelock* and *Charles H. Heath*, for the defendant.

The opinion of the court was delivered by

BARRETT, J. The ground of the motion in the county court to set aside the verdict and grant a new trial is, that the jury, owing to an erroneous answer of the foreman to an inquiry made of him, as to how the plaintiff's right to costs would be affected by a verdict for five dollars, gave a smaller verdict than they would have given if the foreman had given a correct answer to said inquiry. The case is one, in its facts, of some novelty as a case in this court on exceptions ; and that novelty is none the less noticeable on account of an attending peculiarity, viz : that the error in the verdict is not represented as consisting in an inadequate compensation to the plaintiff for the damage he sustained by the slander, but in an inadequate punishment of the defendant for having uttered the slander. As we understand the matter, the jury were not, in their own apprehension, at any fault, or under any misapprehension, as to the amount of compensation for *actual damage* the plaintiff was entitled to ; but the thing has come out differently from what they supposed it would on the score of the costs to which the defendant would be subjected, and so he has not been made adequately to suffer for his fault, by way of smart money. It is resolved to this, that the new trial is asked for the purpose of having a chance to recover larger *punitive* damages. We know of no precedent for this, and no reason, in legal principle, has been suggested in the argument. It would be seriously questionble whether the granting of a new trial on such a ground could be plausibly justified.

But there are several other suggestions to be made against maintaining the exceptions in this case. The first is, that no question of error in law on the part of the county court is presented. Their disposition of that question rested in discretion upon the facts shown by the evidence. The second is, we think that discretion was wisely exercised. We should have regarded it as savoring more strongly of error in point of law if the motion had been granted upon the case as made, than we do the overruling of the motion. The leading ideas of this court as to the prudential

considerations that bear upon the subject, as involved in this case, may be pretty adequately gathered from the views gathered and expressed by Judge BENNETT, in *Newton* v. *Booth*, 13 Vt., 320; and by what was said in *Waldo* v. *Wheatley*, 36 Vt. .

It would readily occur to most persons, who are conversant with our jury system in its practical working, that such departures from the line of strict propriety on the part of jurors in making the inquiry of the foreman in this case, and such an erroneous answer as he gave to that inquiry, and such innocent reliance as his associates placed in the answer he gave, and such mistaken action on the part of all in fixing the damages, are but the natural and necessary incidents of the system. To regard and treat them as invalidating the verdict of the jury thus acting, where they assume to *know*, and "judge of the law as well as of the facts," would render jury trials an obstacle rather than a help towards finding an end of litigation.

We think the county court committed no error, and the judgment is affirmed.